## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROY J. WHITEHEAD,

     Plaintiff,

vs.   No. CIV-06-0144 JB/RLP

UNKNOWN AGENCY and/or AGENTS,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte*, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Roy J. Whitehead's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 22, 2006 (Doc. 1). Whitehead appears pro se and is proceeding in forma pauperis. See Financial Affidavit, Application to Proceed In Forma Pauperis and Order (28 U.S.C. § 1915) at 4. For the reasons stated below, the Court will dismiss Whitehead's Complaint.

## PROCEDURAL HISTORY

### 1.  Current Litigation.

Whitehead filed his Complaint in the instant matter on February 22, 2006. Whitehead brings this Complaint against an "unknown agency and/or agents" of an "unknown" city or state, employed with an "unknown" position or title. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1.

Whitehead notes that he does not "know who or what it is [], [o]nly that it has been going on since an evidentiary hearing on appeal in 1996 at the Collier County/Naples Florida District Court." Id. Whitehead also notes that "[t]he voices say that I checked in, this is not true and torture by voices/visions is illegal anywhere/anytime. I have done my time and did not agree to this." Id. at 2.

Whitehead asserts that

> during a 1996 evidentiary hearing in District Court in Collier County/Naples, Florida [Whitehead] started hearing voices and lost [his] pro-se hearing and/or all other appeals since. . . . [He has] had 4 or 5 strokes on medical records before this and since and has continually asked it to stop before it kills him and/or gets him killed. It says it has busted many people in his name by hearing and/or seeing what [Whitehead] hears and/or sees. They say they will never stop until [Whitehead] returns to Florida to face a civil action [] based on his convictions.

Id.

Whitehead applied to appear in forma pauperis, and on March 1, 2006, the Honorable Richard L. Puglisi, United States Magistrate Judge for the District of New Mexico, granted the request. See Financial Affidavit, Application to Proceed In Forma Pauperis and Order (28 U.S.C. § 1915) at 4.

### 2.   Previous Litigation.

Whitehead filed a similar Complaint on April 4, 2005. The Honorable William P. Johnson, United States District Judge for the District of New Mexico, was the presiding Judge in that case. Judge Johnson entered final judgment on that lawsuit dismissing the complaint with prejudice on May 12, 2005, and entered a Memorandum Opinion and Order detailing the reasons for dismissal. See Whitehead v. Collier County Sheriff's Office, Judgment at 1, CIV 05-0374 WJ/KBM (D.N.M. 2005); Whitehead v. Collier County Sheriff's Office, Memorandum Opinion and Order, CIV 05-0374.

Whitehead also brought that Complaint as a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Whitehead named the Collier County Sheriffs Office, et. al. as defendants in that Complaint. In that Complaint he alleged that he was in the Collier County Sheriffs Office's custody "when the attacks/torture started," and that such attacks started during "a 1996 evidentiary pro se hearing . . . ." Whitehead v. Collier County Sheriff's Office, Complaint at 1, CIV 05-0374. Whitehead stated:

> During and since a 1996 pro se appeal evidentiary hearing while in Collier County Sheriff's Office custody I have been tortured by voices/visions 24/7 and being 4

strokes etc. on my record this is serious felony crimes [sic] and has caused me to loose [sic] all appeals so far in Colorado, Florida and Federal Courts. They say they raped tortured to death my Vice President in the American Iron Hand Karate Association. She is known to us as Stacey M. Tully, her kickboxing name. They deny my religious rights in Christian Churches and Native American rites as well by torturing me.

Id. at 2.

Judge Johnson found that Whitehead's allegations did not support constitutional claims and stated that the "Court may not adjudicate Plaintiff's claims of torture by visions and voices." Whitehead v. Collier County Sheriff's Office, Memorandum Opinion and Order at 2, CIV 05-0374. The United States Court of Appeals for the Tenth Circuit affirmed Judge Johnson's dismissal of Whitehead's Complaint. See Whitehead v. Collier County Sheriff's Office, 143 Fed. Appx. 997 (10th Cir. 2005).

### LAW REGARDING DISMISSAL OF IN FORMA PAUPERIS COMPLAINTS

The Court "shall" dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." "The Supreme Court also has held that dismissal under (former) 28 U.S.C. § 1915(d) is appropriate for allegations 'describing fantastical or delusional scenarios, claims with which federal district judges are all too familiar.'" Whitehead v. Collier County Sheriff's Office, Memorandum Opinion and Order at 2, CIV 05-0374 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989), and citing McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)).

The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged and that allowing the plaintiff an opportunity to amend the complaint would be futile. See Hall v. Bellmon, 935 F. 2d 1106, 1110 (10th Cir. 1991)("Although dismissals under Rule 12(b)(6) typically follow a motion to

dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.")(quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing a pro se plaintiff's complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F. 2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

Whitehead's Complaint substantially alleges the same harm and requests the same relief as he did in his previous complaint that Judge Johnson dismissed with prejudice; the Tenth Circuit affirmed Judge Johnson's dismissal. Whitehead alleges that voices and visions have tortured him since an evidentiary hearing in 1996. Whitehead requests the following relief: "I do not want to hear nor see it and want the tortures to stop. I want all my convictions overturned with prejudice. I want money for the many damages to me and my broke business. 'American Iron Hand Karate Association.'" Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 5.

The Court finds, as Judge Johnson and the Tenth Circuit did, that Whitehead does not state a claim on which relief can be granted. See Whitehead v. Collier County Sheriff's Office, 143 Fed. Appx. at 997 ("Accordingly, the district court's order dismissing Whitehead's complaint is **affirmed** for substantially the reasons stated in the district court's order dated May 12, 2005.")(emphasis in original): Whitehead v. Collier County Sheriff's Office, Memorandum Opinion and Order at 2, CIV 05-0374 ("Plaintiff's allegations do not support constitutional claims. The court must dismiss claims that are 'patently insubstantial . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).")(quoting Neitzke v. Williams, 490 U.S. at 327 n.6). The Court also finds, as

Judge Johnson did, that dismissal under 28 U.S.C. § 1915(e) -- formerly 28 U.S.C. § 1915(d) -- is appropriate where allegations describe fantastical or delusional scenarios. See Whitehead v. Collier, Memorandum Opinion and Order at 2, CIV 05-0374 ("The Supreme Court also has held that dismissal under (former) 28 U.S.C. § 1915(d) is appropriate for allegations 'describing fantastical or delusional scenarios, claims with which federal district judges are all too familiar.'")(quoting Neitzke v. Williams, 490 U.S. at 328, and citing McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)).

There are some factual differences in this Complaint and the Complaint before Judge Johnson: (i) allegations of rape and torture to death of "my Vice President" and denial of religious rights are found only in the Complaint before Judge Johnson (ii) allegations that the voices told Whitehead that they will never stop until he returns to Florida for a civil action are found only in this Complaint; and (iii) the Complaint before Judge Johnson was based on diversity jurisdiction while the Complaint here is based on an alleged constitutional violation. Nevertheless, Whitehead's allegations are no less fantastical or delusional here then those before Judge Johnson and before the Tenth Circuit.[1] In both

---

[1] Whitehead also brings different causes of action in this Complaint than he did in the Complaint before Judge Johnson. In this Complaint, he brings the following causes of action: (i) "[l]ost all appeals of all convictions which if won would eliminate any civil actions against plaintiff and plaintiff asks this honorable court to stop any attempt of Florida to come get him et. al. etc."; (ii) "attempted murders of plaintiff by tortures and/or stress knowing that he has [] 4 or 5 strokes in the past"; and (iii) "Plaintiff has lost many years in prison and/or money by his business being hurt by this tortures [sic] et. al. etc. Plaintiff is the inherit head of the 'American Iron Hand Karate Association' and also disabled by strokes and back injuries et. al. etc." In the Complaint before Judge Johnson, Whitehead brought the following causes of action: (i) "[d]enied right to safe custody as are all prisoners. I reported it many times and was punished for it et. al. etc."; (ii) "[d]enied proper right to Due Process of the law by having my pro se appeal destroyed by being tortured while trying to work on them"; and (iii) "[d]enied right to freedom of religion by being tortured during church services and/or rites (including prayers)." Again, although Whitehead alleges different causes of action in the two complaints, the allegations and supporting facts are no less delusional and fantastical in this Complaint than in the Complaint before Judge Johnson and the Tenth Circuit.

complaints, Whitehead alleges torture by visions and voices. He also alleges attempted murder in both complaints. In accordance with <u>Whitehead v. Collier County Sheriff's Office</u>, 143 Fed. Appx. 997, and <u>Whitehead v. Collier County Sheriff's Office</u>, Memorandum Opinion and Order, CIV 05-0374, the Court dismisses Whitehead's Complaint with prejudice.

**IT IS ORDERED** that the Plaintiff Roy J. Whitehead's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 is dismissed with prejudice.

**IT IS FURTHER ORDERED** that all pending motions and requests are denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Roy J. Whitehead
Las Cruces, New Mexico

    *Plaintiff Pro Se*